IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCIO ADAME ARANJO de AGUILAR, et al., <br><br> Plaintiff, <br><br> vs. <br><br> NATIONAL RAILROAD PASSENGER CORPORATION, et al., <br><br> Defendant. | No. CV-F-02-6527 REC/LJO <br><br> ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FRCivP 54(b) AND STAY OF PROCEEDINGS (Doc. 178), AMENDING ORDER GRANTING DEFENDANT COUNTY OF KERN'S MOTION FOR SUMMARY JUDGMENT (Doc. 175) AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF DEFENDANT COUNTY OF KERN PURSUANT TO RULE 54(b) |

By Order filed on December 29, 2005, the court granted defendant County of Kern's motion for summary judgment, ruling that the County was not liable to those plaintiffs who sued it in these consolidated actions pursuant to California Government Code § 835 for damages resulting from the death of decedents when the van in which they were traveling was struck by an Amtrak train as the van was crossing the railroad tracks on Poplar Avenue. The

1

essential issue in the claims against the County was that the configuration of Poplar Avenue was a dangerous condition of property within the meaning of Section 835.[1]

Plaintiffs move the court to amend the Order and certify it for immediate appeal pursuant to Rule 54(b), Federal Rules of Civil Procedure, and to stay all further proceedings in this action pending the appeal of the Order.

Rule 54(b) provides in pertinent part:

> When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

In certifying an appeal pursuant to Rule 54(b), the district court must first determine that it has rendered a "final judgment," i.e., a judgment that is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" <u>Curtiss-Wright Corp. v. General Electric Co.</u>, 446 U.S.

---

[1] This is a consolidated action. The lead case number is No. CV-F-02-6527. Consolidated with the lead case are Nos. 02-6559, 03-5271, 03-5632, and 03-5633. Not all plaintiffs in this consolidated action sued the County of Kern and not all plaintiffs in this consolidated action are represented by Gregory Moreno, counsel for the moving plaintiffs. The County's motion for summary judgment was directed only to the plaintiffs in Nos. CV-F-03-5632 and CV-F-03-5633. Consequently, when this motion refers to plaintiffs, it is not referring to all plaintiffs in this action. However, it is noted that no opposition to this motion has been filed by the other plaintiffs in this action and that counsel for the moving plaintiffs represented to the court at oral argument on February 27, 2006 that he had contacted counsel for all plaintiffs and that none opposed this motion.

2

1, 7 (1980).

It is conceded by the parties and the court concurs that this requirement is satisfied.

The court must then whether there is any just reason for delay.  Factors that must be considered are judicial administrative interests as well as the equities involved. Curtiss-Wright, supra, 446 U.S. at 8.

In considering judicial administrative interests, the district court may properly consider (a) the separateness of the claims for relief and whether the claims are separable, and (b) whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.  Curtiss-Wright, supra.  As explained in General Acquisition, Inc. v. Gencorp, Inc., 23 F.3d 1022, 1030 (9th Cir. 1994):

> Although '[n]o precise test exists for determining whether there is a just reason to delay,' ... this court has articulated the following 'nonexhaustive list of factors which a district court should consider when making a Rule 54(b) determination':
>
> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous facts such as

> delay, economic and solvency
> considerations, shortening the time
> of trial, frivolity of competing
> claims, expense and the like.
>
> ....

Here, plaintiffs contend, the alleged dangerous condition of the configuration of Poplar Avenue as it approached and crossed the railroad tracks is separate and distinct from plaintiffs' claims against the remaining defendants:

> Plaintiffs' claims against Amtrak, the train
> operators (engineers/conductors), and BNSF
> stem from negligence resulting from these
> defendants operation of the train and their
> failure to properly warn motorists of their
> presence. In particular, there are questions
> as to whether or not warning devices such as
> the ditch lights and the train horn were
> properly functioning. These issues are
> separate and distinct from the dangerous
> condition claims alleged against the County
> of Kern regarding the configuration of the
> intersection where the collision occurred.

In opposing this motion, the County admits that the claim against it is distinct from the claims of negligence brought against the remaining defendants. Nonetheless, the County argues:

> [S]ome of the elements of proof for the torts
> overlap. For example, whether the harm was
> foreseeable and whether the decedents caused
> the damages are two key questions that
> address both torts. Moreover, the factual
> situation as to the County and the remaining
> defendants stem from a single car-train
> collision. Therefore, depending on the
> outcome of the trial against the remaining
> defendants, it is possible that 'the
> appellate court will be required to address'
> issues which are 'inseverable, both legally
> and factually' in relation to the allegations
> against the other defendants.

There is no question here that some of the facts relevant to the claims against the remaining defendants overlap with those relevant to the claims against the County. However, it also is true that the claims against the County largely involve unique facts which are not germane to the claims against the remaining defendants. Therefore, although this is not a complex case, it is not a case where the facts essentially are the same for all of the claims alleged. Furthermore, if the other defendants obtain a defense verdict, that verdict will not necessarily moot the claims against the County. Therefore, the Ninth Circuit will not be hearing the same appeal twice. Finally, it is noted that none of the nonmoving plaintiffs or the remaining defendants have opposed this motion.

Therefore, the court concludes that plaintiffs have demonstrated that certification for immediate appeal under Rule 54(b) furthers judicial administrative interests as well as the equities.

Plaintiffs further argue that good cause exists to stay the proceedings in the District Court while plaintiffs pursue their appeal against Kern County. Counsel for plaintiffs, Gregory Moreno, avers in pertinent part:

> 14. On January 12, 2006, I spoke with Erin Frye ... attorney of record for Defendants National Railroad Passenger Corporation ('Amtrak'), Walter Ward, W.M. Dike and Burlington Northern Santa Fe Corporation in regards to a stipulation to continue trial;
>
> 15. During the above conversation, Erin Frye, indicated that Defendants wished to

>     reserve their right to request a stay of
>     proceedings while Plaintiffs pursue their
>     appeal against the County of Kern ....

Plaintiffs argue that granting a stay of proceedings "will prevent piecemeal litigation, as it will avoid the possibility of two separate trials arising out of the same incident" and "will reduce litigation expenses and be mutually convenient for this court and all litigants."

The County argues that plaintiffs are inconsistent:

>     [P]laintiffs assert that although the claims
>     against the County are severable from the
>     remaining claims and will not result in
>     'piecemeal appeals,' plaintiffs also request
>     the Court stay the trial court action as to
>     the remaining defendants in order to avoid
>     'piecemeal litigation.' ... How a claim is
>     severable but lends itself to a great risk of
>     piecemeal litigation is not explained by
>     plaintiffs.

The court does not agree with the County's concerns. As noted, none of nonmoving plaintiffs or the remaining defendants have opposed this motion, notwithstanding the trial date set for August 8, 2006. Staying further proceedings pending the appeal of the grant of summary judgment for the County of Kern possibly will avoid the need to conduct two separate trials, thereby saving judicial resources as well as the resources of the parties.

ACCORDINGLY:

1. Plaintiffs' Motion for Entry of Judgment Pursuant to Rule 54(b), Federal Rules of Civil Procedure, and Certification of Appeal, and Stay of Proceedings is granted;

2. The Order Granting Defendant County of Kern's Motion for Summary Judgment filed on December 29, 2005 is hereby amended at page 18 to include the following:

> The Clerk of the Court is directed to enter judgment for the County of Kern pursuant to Rule 54(b), Federal Rules of Civil Procedure, the court concluding that there is no just reason for delay.

3. The Clerk of the Court is directed to enter judgment for the County of Kern.

IT IS SO ORDERED.

Dated: **February 28, 2006**         /s/ Robert E. Coyle
668554                                UNITED STATES DISTRICT JUDGE