# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

EZEQUIEL SUAREZ RODRIGUEZ, by and through JESUS SUAREZ,

Plaintiff,

vs.

NATIONAL RAILROAD PASSENGER CORPORATION("AMTRAK"), et al.,

Defendants.
/

CASE NO. 02-cv-6527 LJO GSA

ORDER REGARDING PETITION FOR MINOR'S COMPROMISE
(Doc. 228)

Plaintiff, Ezequiel Suarez Rodriguez, is a minor in this action ("minor").[1] Pending before the court is a Petition for Minor's Compromise ("Petition") which was filed on March 6, 2009, by Jesus Suarez, the minor's uncle. (Doc. 228). The petition is supplemented by declarations from Peter McNulty, the minor's attorney, and Jesus Suarez. ("Petitioner").

The minor's claim involves a train and a van accident that resulted in the wrongful death of Eloy Suarez, the minor's father. On February 19, 2009, Defendants National Railroad Passenger Corporation, the Burlington Northern and Santa Fe Railroad Company, Walter Ward, and William Dike notified that court that the matter had settled as to all parties. (Doc. 221).

The Petition indicates that the minor's gross settlement amount is $50,000.00. The Petition request that $12,500.00 (25%) of the minor's settlement proceeds be paid to attorney Peter McNulty for attorney's fees, and that $2,453.37 of the minor's settlement proceeds be paid for costs of the

---

[1] The minor is twelve years of age and currently resides in Mexico.

1

litigation.² After attorney's fees and costs are deducted from the settlement proceeds, the minor will receive a net settlement amount of $ 35,046.63.00. Petitioner requests that the court order the purchase of an annuity from Metropolitan Life Insurance Company for the minor which will yield a total payout of $50,998.00 to be paid on September 16, 2017, when the minor turns twenty-one (21) years old.

This Court's Local Rule 17-202 addresses settlements for minors and provides in pertinent part:

> (b) Settlement. No claim by . . . a minor . . . may be settled or compromised absent court order by the assigned Judge or Magistrate Judge approving the settlement or compromise.
>
> . . .
>
> (2) The approval of a proposed settlement shall be filed and calendared pursuant to L.R. 78-230. Such application shall disclose, among other things, the age and sex of the minor . . . , the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise ...
>
> (c) Disclosure of Attorney's Interest. When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed, whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted directly or indirectly, whether the attorney stands in any relationship to said party, and whether the attorney has received or expects to receive any compensation, from whom, and the amount.
>
> . . .
>
> (e) Payment of Judgment. Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that he is the duly qualified representative under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . .

As a preliminary matter, the court notes that the Petition submitted on the minor's behalf is full of typographical errors, inconsistencies, and contains irrelevant data. Moreover, the Petition

---

² It is unclear from the petition whether the $2,453.27 are the total costs of the litigation, or only relate to this particular minor since Diana Saurez Rodriguez's (the minors' sister) petition filed on the same day includes the same amount. If the costs relate only to this minor, it is unclear how this amount was determined.

does not include information necessary for this court to make a recommendation regarding the merits of the Petition. For example, although the Petition states that costs of the litigation equaled $2,453.37.00, there is no specific breakdown of the costs, such as what they were, and when they were paid. Pet. at pg. 5:26. Additionally, while there is a request for attorney's fees in the amount of $12,500.00, the court cannot determine if this fee is reasonable because the declaration of Mr. McNulty fails to provide an itemized list of costs and services provided.[3]

The information regarding the annuity is similarly deficient. For example, there is no information about the annuity that is to be purchased from Metropolitan Life Insurance Company. Although the Petition states that this annuity has an "A plus XV rating," no information about the rating system was provided so the court has no basis to determine what this means. Pet. at 6: 18-19. It is also unclear who will manage the annuity. For example, there is no indication what arrangements will be made to ensure that the minor receives the money on his twenty–first birthday given that he is in Mexico.

The only information provided to the court regarding the annuity is a sheet entitled "February 25, 2009, Settlement Proposal for Ezequiel Suarez" which is attached to the Petition. Pet. at Exhibit 1. This sheet was prepared by an individual named Tom Walsh from Mesirow Financial Structured Settlements. However, it is unclear who Tom Walsh is, and the quoted payment amount for the structure settlement is only valid until March 5, 2009, which expired before the Petition was even filed.

Finally, while the Petitioner, Jesus Suarez, submits this Petition as the minor's uncle and guardian ad litem, it does not appear that an application to be the minor's guardian ad litem was ever filed with this court.[4] Federal Rule of Civil Procedure 17 (c) in relevant section states :

> (1) With a representative. The following representatives may sue or defendant may sue on behalf of a minor or an incompetent person :

---

[3] The petition makes reference to the declaration of Peter McNulty, which sets forth that the fees are reasonable and justified given the lengthy and extensive litigation conducted to reach the settlement, but this is not sufficient information for the court to determine that the attorney fees are reasonable. Petition at pg. 5:21-25.

[4] This action was brought by Jesus Suarez as the minor's guardian ad litem in an amendment to the complaint filed on April 12, 2004. (Doc 56). However, it does not appear that this court issued an order appointing Mr. Suarez as the minor's guardian ad litem.

3

    (A) a general guardian;

    (B) a committee;

    (C) a conservator;

    (D) a like fiduciary

(2) Without a Representative.  A minor or an incompetent person who does not have a duly appointed representative may sue by a next of friend or by a guardian ad litem. *The court must appoint a guardian ad litem -* or issue another appropriate order-to protect a minor or incompetent person who is unrepresented in an action.
Fed. R. Civ. Proc. 17(c) (Emphasis added).

  Therefore, Mr. Suarez needs to establish that this court has appointed him as a guardian ad litem, or alternatively, file an application to be appointed guardian ad litem in conjunction with the Petition.  The court notes that it is unclear why the minor's mother, Edith Rodriguez Hernandez is not the guardian ad litem.  The court assumes that the minor's mother is in Mexico with the minor, however it is not clear from the Petition. This information needs to be provided to the court.

  Given the deficiencies above, the court does not have enough information to make a recommendation that this Petition be approved, or to determine whether a hearing is necessary. Accordingly, IT IS HEREBY ORDERED that the additional information be provided as outlined above within 10 (ten) court days of this order.

  IT IS SO ORDERED.

**Dated:**  **March 17, 2009**     /s/ **Gary S. Austin**
                  UNITED STATES MAGISTRATE JUDGE