# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ZENDEJAS, by and through Maria Torres-Romero,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION("AMTRAK"), et al.,<br><br>Defendants.<br>_____ / | CASE NO. 02-cv-6527 LJO GSA<br><br>ORDER REGARDING AMENDED PETITION FOR MINOR'S COMPROMISE<br>(Doc. 230) |

Plaintiff, Martin Zendejas is a minor in this action ("minor").[1] Pending before the court is an Amended Petition for Minor's Compromise ("Amended Petition") which was filed on March 12, 2009, by Maria Torres-Romero, the minor's mother.[2] (Doc. 230). The Amended Petition is supplemented by declarations from David Lynn, the minor's attorney, and Maria Torres-Romero ("Petitioner").

The minor's claim involves a train and a truck accident that resulted in the wrongful death of Jesus Romero-Rubio, the minor's stepfather. On February 19, 2009, Defendants National Railroad Passenger Corporation, the Burlington Northern and Santa Fe Railroad Company, Walter Ward, and William Dike notified that court that the matter had settled as to all parties. (Doc. 221). The Amended Petition indicates that the minor's gross settlement amount is $15,000.00. The Amended

---

[1] The minor is twelve years of age.

[2] On March 2, 2009, Maria Torres-Romero, filed a Petition for Minor's Compromise on Behalf of Martin Zendejas, her son. (Doc. 223). The main difference between the two petitions is that the Amended Petition indicates that the minor is the stepson rather than the natural son of the decedent, Jesus Romero-Rubio.

1

Petition request that $3,7500.00 (25%) of the minor's settlement proceeds be paid to attorney David Lynn for attorney's fees, and that $709.00 of the minor's settlement proceeds be paid for costs of the litigation. After attorney's fees and costs are deducted from the settlement proceeds, the minor will receive a net settlement amount of $10,541.00. Petitioner requests that the court order the purchase of an annuity from Liberty Life Insurance Company for the minor which will yield a total payout of $13,170.00 to be paid on the dates listed below in the following amounts:

April 30, 2014 (age 18)-$2,500

April 30, 2015 (age 19)-$2,500

April 30, 2016 (age 20)-$3,000

April 30, 2017 (age 21)-$5,170

This Court's Local Rule 17-202 addresses settlements for minors and provides in pertinent part:

> (b) Settlement. No claim by . . . a minor . . . may be settled or compromised absent court order by the assigned Judge or Magistrate Judge approving the settlement or compromise.
>
> . . .
>
> (2) The approval of a proposed settlement shall be filed and calendared pursuant to L.R. 78-230. Such application shall disclose, among other things, the age and sex of the minor . . . , the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise ...
>
> (c) Disclosure of Attorney's Interest. When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed, whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted directly or indirectly, whether the attorney stands in any relationship to said party, and whether the attorney has received or expects to receive any compensation, from whom, and the amount.
>
> . . .
>
> (e) Payment of Judgment. Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that he is the duly qualified representative under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other

order as the Court deems proper for the protection of the minor . . .

As a preliminary matter, the court notes that the Amended Petition submitted on the minor's behalf is full of typographical errors, inconsistencies, and contains irrelevant data. Moreover, the Amended Petition does not include the necessary information for this court to make a recommendation regarding the merits of the Amended Petition. For example, there is a general statement that the request for costs totaling $709.00 consisted of filing fees, expert fees/costs, depositions, and other incidental litigation costs reasonably incurred in preparation for trial.[3] Am. Pet. at 7. However, there is no specific breakdown of the costs, such as what they were, and when they were paid. Additionally, while there is a request for attorney's fees in the amount of $3,7500.00, the court cannot determine if this fee is reasonable because the declaration of Mr. Lynn fails to provide an itemized list of costs and services provided.[4]

The information regarding the annuity is similarly deficient. Mr. Lynn's declaration indicates that the minor will receive payments from the annuity when he reaches the age of 19, however, the Amended Petition indicates that payments will begin when the minor turns 18. Compare Am. Pet. at pg. 2:12 to pg. 6: 11. There is also no information about the annuity that is to be purchased from Liberty Life Insurance Company. Although the Amended Petition states that this annuity is "an AM Best rated A Class 10 rating," no information about the rating system was provided so the court has no basis to determine what this means. Pet. at 8: 12-13. It is also unclear who will be responsible for managing the annuity, including ensuring that the minor receives the payments on the scheduled dates.

The only information provided to the court regarding the annuity is a sheet entitled "Individually Designed Settlement/Proposal B" which is attached to the Amended Petition. Am. Pet. at pg. 13. It is unclear where this sheet came from, or who prepared it. Moreover, the quoted payment amounts for the annuity is only valid until February 27, 2009, which expired before the

---

[3] The $709.00 is a portion of the total amount of costs of this litigation which was $5,385.00, however, it is unclear how $709.00 amount was calculated or what specifically it consisted of.

[4] The petition makes reference to the declaration of David Lynn which sets forth that the fees are reasonable and justified given the lengthy and extensive litigation conducted to reach the settlement, but this is not sufficient information for the court to determine that the attorney fees are reasonable. Amended Petition at pg. 5-6.

Amended Petition was even filed.[5]

Finally, while the Petitioner, Maria Torres-Romero, submits this petition as the minor's mother and guardian ad litem, it does not appear that an application to be the minor's guardian ad litem was ever filed with this court.[6] Federal Rule of Civil Procedure 17 (c) in relevant section states:

> (1)  With a representative.  The following representatives may sue or defendant may sue on behalf of a minor or an incompetent person :
>
> (A) a general guardian;
>
> (B) a committee;
>
> (C)  a conservator;
>
> (D) a like fiduciary
>
> (2) Without a Representative.   A minor or an incompetent person who does not have a duly appointed representative may sue by a next of friend or by a guardian ad litem.  *The court must appoint a guardian ad litem - or issue another appropriate order-to protect a minor or incompetent person who is unrepresented in an action.*
> Fed. R. Civ. Proc. 17(c) (Emphasis added).

Therefore, Ms. Torres-Romero needs to establish that this court has appointed her as a guardian ad litem, or alternatively, file an application to be appointed guardian ad litem in conjunction with the Amended Petition.

Given the deficiencies above, the court does not have enough information to make a recommendation that this Amended Petition be approved, or to determine whether a hearing is necessary.  Accordingly, IT IS HEREBY ORDERED that the additional information be provided as outlined above within 10 (ten) court days of this order.

 IT IS SO ORDERED.

**Dated:   March 17, 2009**         **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE

---

[5] This date also expired prior to the date the first Petition for Minor's Compromise was filed.

[6] Although Martin Zendejas is not listed in the caption of the First Amended Complaint, the body of the document alleges that Petitioner, Maria Torres-Romero, brought this action on behalf of herself, and as the guardian ad litem for Martin Zendejas. (Doc. 64).

4