# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCIO ADAME ARAUJO DE AGUILAR, as heir to BENIGNO ANDES AGUILAR and Wife to Deceased BENIGNO ANDES AGUILAR et al., <br><br> Plaintiffs, <br><br> vs. <br><br> NORTHERN RAILROAD PASSENGER CORPORATION ("AMTRAK"), et. al., <br><br> Defendants. | CASE NO. 1:02-cv-6527 LJO GSA <br><br> FINDINGS AND RECOMMENDATIONS RE: PETITION FOR APPROVAL OF MINOR'S COMPROMISE FOR **LIZABETH AGUILAR ADAME** <br><br> (Doc. 242) |

**INTRODUCTION**

Plaintiff, Lizabeth Aguilar Adame, is a minor in this action ("minor").[1] Pending before the court is a Petition for Minor's Compromise ("Petition") which was filed on March 27, 2009, by Rocio Adame Alfaro ("Petitioner"), the minor's mother and guardian ad litem. (Doc. 242).[2] The petition is supplemented by declarations from Gregory Moreno Esq., the minor's attorney, and Rocia Adame Alfaro.

---

[1] The minor is fourteen years of age. Her date of birth is September 6, 1994.

[2] Rocio Adame Alfaro was appointed the minor's guardian ad litem previously in the Kern County Superior Court (Case number 248891JES) on December 17, 2002, prior to the removal of this action. See, Petition at Exhibit 1. Accordingly, this court recognizes Rocio Adame Alfaro as the minor's guardian ad litem.

1

The Court held a hearing on the Petition for Minor's Compromise on April 14, 2009. Appearing on behalf of Petitioner and Lizabeth Aguilar Adame was Gregory Moreno. Appearing on behalf of Defendants was B. Clyde Hutchinson. All parties appeared telephonically. For the reasons discussed below, this Court RECOMMENDS that the petition be GRANTED.

## BACKGROUND

The minor's claim involves a train and a van accident that resulted in the wrongful death of Juan Jimenez, the minor's father. On December 12, 2001, at approximately 4:00 pm, an Amtrak train was traveling east on a single main track and struck a van driven by Mario Aguilar traveling from Polar Avenue to the Central Valley Highway in Shafter, California. Benigno Aguilar, Mario Munoz, Hector Sarabia, Juan Jimenez, Eloy Suarez, Jesus Romero-Rubio ("Plaintiffs"), and others were traveling in the van. As a result of the collision, all occupants in the van sustained serious physical injuries resulting in their deaths.

All of the Plaintiffs alleged that National Railroad Passenger Corporation ("Amtrak"); Walter Ward; W.M. Dike; and Burlington Northern Santa Fe Corporation ("Defendants") negligently and recklessly operated, controlled, and maintained the subject train and failed to follow statutory regulations and internal policies and procedures which resulted in Plaintiffs' deaths. On February 19, 2009, Defendants notified the court that the matter settled as to all parties. (Doc. 221). The total global settlement was 2.5 million dollars. (Doc. 253).

The minor's portion of the global settlement amount is $50,000.00. The Petitioner requests that $12,500.00 (25%) of the minor's gross settlement proceeds be paid for reasonable attorney's fees, and that costs of the litigation be deducted from the settlement amount. The amount of the minor's share of litigation costs was $1,942.54, however, the minor was given a credit of $1,500.00 as part of a prior settlement agreement negotiated with Defendant Shafter-Wasco Ginning Co.[3] This settlement between the minor and Shafter-Wasco Ginning Co. was previously approved on February 27, 2006, by Judge O'Neill and resulted in a $50,000.00 award to specific plaintiffs in this action. (Doc. 185). As part of that settlement, twenty plaintiffs, including the minor, were each awarded $1,000. The remaining

---

[3] The total litigation costs in this action were $97,126.93.

2

$30,000.00 was to be used to offset litigation expenses incurred by those plaintiffs which were to be applied in direct proportion to their percentage of the global settlement amount. Thus, each plaintiff who shared in this previous settlement received a credit of $1,500.00 toward their proportionate share of costs. As a result, the minor's costs totaled $442.54.

After attorney's fees and costs with the applicable credits are deducted, the minor will receive a net settlement amount of $37,057.46.[4] Petitioner requests that the court order the purchase of an annuity from Pacific Life for the minor, which has an A+ Class 15 rating. The annuity will yield payments to the minor on her 18th, 20th, 22th, and 24th birthdays. The total payout to the minor will be $49,257.02 as set forth below :

| | |
|---|---|
| September 6, 2012 (age 18) | $ 5,000.00 |
| September 6, 2014 (age 20) | $ 5,000.00 |
| September 6, 2016 (age 22) | $10,000.00 |
| September 6, 2018 (age 24) | $29,257.02 |
| Total amount to be paid: | $ 49,257.02 |

The guardian ad litem will be responsible for keeping Pacific Life apprised of the minor's address and the payments will be mailed directly to the minor to the most recent address to ensure the minor gets the payments in full on the above referenced dates.

## **DISCUSSION**

This Court's Local Rule 17-202 addresses settlements for minors and provides in pertinent part:

> (b) Settlement. No claim by . . . a minor . . . may be settled or compromised absent court order by the assigned Judge or Magistrate Judge approving the settlement or compromise.
>
> . . .
>
> (2) Such application [for minor's compromise] shall disclose, among other things, the age and sex of the minor . . . , the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . .

---

[4] The petition contains a error and indicates that the net settlement to the minor is $37,057.36. <u>See</u>, Petition at pg. 6 Line 15.

3

> . . .
>
> (c) Disclosure of Attorney's Interest. When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed . . . and whether the attorney has received or expects to receive any compensation, from whom, and the amount.
>
> . . .
>
> (e) Payment of Judgment. Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that he is the duly qualified representative under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . .

The minor and the Petitioner is represented in this action by Gregory Moreno of the law firm of Moreno, Becerra & Casillas. The law firm represented several families in the accident. The case was originally filed in the Kern County Superior Court. The Defendants subsequently removed the action to federal court. As part of the representation in this case, the minor's attorneys visited the location of the accident during the week of December 12, 2001, secured evidence and talked to witnesses. After filing the state tort claims, Attorney Moreno caused the instant complaint to be filed and supervised this case. Because the firm represented a large number of plaintiffs, the law firm conducted most of the discovery related to the various claims in this action. Mr. Moreno, coordinated the pre-trial proceedings and conducted depositions of employees and employee affiliates for the BNSF railroad. Written discovery was propounded and responded to by the law firm as well. In addition, the firm opposed a motion for summary judgment, prepared appellate briefings to the Ninth Circuit, and argued at the Ninth Circuit Court of Appeals.

Based upon a review of the submissions by counsel and by the minor's guardian ad litem, this Court finds the proposed settlement for Lizabeth Aguilar Adame as set forth in the petition to be fair, reasonable and proper. The Petition substantially includes the information required by this Court's Local Rule 17-202(b)(2) and (c) and addresses the details of the proposed compromise. In this case, the attorney's fees requested are 25% of the gross settlement amount. This is reasonable given the complexity of this litigation, as well as the amount of work done by Mr. Moreno and the law firm of Moreno, Becerra & Casillas. Moreover, the litigation costs appear appropriate given the length of time this case has been pending.

**CONCLUSION AND RECOMMENDATIONS**

For the reasons discussed above, this Court RECOMMENDS that the Petition for Approval of Minor's Compromise be GRANTED in accordance with the terms outlined below :

1. Defendants National Railroad Passenger Corporation, Burlington Northern Santa Fe Corporation, Walter Ward and W.M. Dike have settled all of Lizabeth Aguilar Adame's claims for $50,000.00;

2. The request for attorney's fees in the amount of $12,500.00 is GRANTED. These funds and shall be deducted from the minor's gross settlement amount and paid to the law firm of Moreno, Becerra & Casillas;

3. The minor shall be charged costs in the amount of $1,942.54. However, the minor received a credit of $1,500.00 towards costs from a previous settlement with Defendant Shafter-Wasco Ginning Co. Therefore, the net litigation costs charged to the minor amount to $442.54 and shall be paid to the law firm of Moreno, Becerra & Casillas;

4. After all deductions and applicable credits, the minor, Lizabeth Aguilar Adame, shall receive a net settlement amount of $37,057.46;

5. The net settlement proceeds shall be used to purchase a single premium annuity from Pacific Life, an A+ Class 15 Superior rated carrier, on behalf of the minor with lump sum guaranteed payments of no less than the amounts listed below :

    | | |
    |---|---|
    | September 6, 2012 (age 18) | $ 5,000.00 |
    | September 6, 2014 (age 20) | $ 5,000.00 |
    | September 6, 2016 (age 22) | $10,000.00 |
    | September 6, 2018 (age 24) | $29,257.02 |
    | Total amount to be paid: | $ 49,257.02 |

6. The annuity payments shall be made on the dates outlined above and mailed by Pacific Life to Lizabeth Aguilar Adame at the minor's last known address;

7. The Petitioner and guardian ad litem, Rocio Adame Alfaro, is authorized and directed to execute any and all documents reasonably necessary to carry out the terms of the settlement;

8. The Petitioner and guardian ad litem, Rocio Adame Alfaro AND the law firm of Moreno, Becerra & Casillas shall be responsible for maintaining a current address on behalf of the minor with the annuity company, Pacific Life, until such time as the above payment schedule is completed;

9. There shall be no access to any of the funds from this annuity until the minor reaches the age of 18 absent a court order; and

10. Petitioner shall have sixty (60) days to submit proof of funding of the annuity to the Court.

These findings and recommendations are submitted to United States District Judge Lawrence J. O'Neill, pursuant to 28 U.S.C. § 636(b)(1)(B). Within **eleven (11) days** after the date of this Finding and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Finding and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 17, 2009**   **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE