IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCIO ADAME ARAUJO DE, AGUILAR, as heir to BENIGNO ANDES AGUILAR and Wife to Deceased BENIGNO ANDES AGUILAR, et al., | CASE NO. 1:02-cv-6527 LJO GSA |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RE: PETITION FOR APPROVAL OF MINOR'S COMPROMISE FOR **EZEQUIEL SUAREZ RODRIGUEZ** |
| vs. | |
| NORTHERN RAILROAD PASSENGER CORPORATION ("AMTRAK"), et. al., | (Doc. 244) |
| Defendants. | |

## INTRODUCTION

Plaintiff, Ezequiel Suarez Rodriguez, is a minor in this action ("minor").[1] Pending before the court is a Petition for Minor's Compromise ("Petition") which was filed on March 27, 2009, by Jesus Suarez ("Petitioner"), the minor's paternal uncle and guardian ad litem. (Doc. 244).[2] The petition is

---

[1] The minor is twelve years of age. His date of birth is September 16, 1996.

[2] Jesus Surez was appointed the minor's guardian ad litem previously in the Kern County Superior Court (Case number 248891JES) on January 3, 2003, prior to the removal of this action. See, Petition at Exhibit 1. Accordingly, this court recognizes Jesus Suarez as the minor's guardian ad litem.

1

supplemented by declarations from Peter McNulty Esq., the minor's attorney, Edith Rodriguez,[3] the minor's mother, and Jesus Suarez.

The Court held a hearing on the Petition for Minor's Compromise on April 14, 2009. Appearing on behalf of Petitioner and Ezequiel Suarez Rodriguez was Peter McNulty. Appearing on behalf of Defendants was B. Clyde Hutchinson. All parties appeared telephonically. For the reasons discussed below, this Court RECOMMENDS that the petition be GRANTED.

## **BACKGROUND**

The minor's claim involves a train and a van accident that resulted in the wrongful death of Eloy Suarez, the minor's father. On December 12, 2001, at approximately 4:00 pm, an Amtrak train was traveling east on a single main track and struck a van driven by Mario Aguilar traveling from Polar Avenue to the Central Valley Highway in Shafter, California. Benigno Aguilar, Mario Munoz, Hector Sarabia, Juan Jimenez, Eloy Suarez, Jesus Romero-Rubio ("Plaintiffs"), and others were traveling in the van. As a result of the collision, all occupants in the van sustained serious physical injuries resulting in their deaths.

All of the Plaintiffs alleged that National Railroad Passenger Corporation ("Amtrak"); Walter Ward; W.M. Dike; and Burlington Northern Santa Fe Corporation ("Defendants") negligently and recklessly operated, controlled, and maintained the subject train and failed to follow statutory regulations and internal policies and procedures which resulted in Plaintiffs' deaths. On February 19, 2009, Defendants notified that court that the matter settled as to all parties. (Doc. 221). The total global settlement was 2.5 million dollars. (Doc. 253).

The minor's portion of the global settlement amount is $50,000.00. The Petitioner requests that $12,500.00 (25%) of the minor's gross settlement proceeds be paid for reasonable attorney's fees, and that $2,453.37 for costs of the litigation be deducted from the settlement amount. After attorney's fees and costs are deducted, the minor will receive a net settlement amount of $35,046.63. Petitioner requests that the court order the purchase of an annuity from Metropolitan Life Insurance Company for the minor, which has an A+ XV rating. The annuity will yield a lump sum payment of $50,998.00 on September

---

[3] The declaration of Edith Rodriguez is signed by Jesus Suarez by and through Ms. Rodriguez's power of attorney.

16, 2017, when the minor turns twenty-one years of age.

Additionally, the Suarez family was given a credit for costs of the litigation as part of a prior settlement agreement negotiated with Defendant Shafter-Wasco Ginning Co.[4] This settlement between the minor and Shafter-Wasco Ginning Co. was previously approved on February 27, 2006 by Judge O'Neill and resulted in a $50,000.00 award to specific plaintiffs in this action. (Doc. 185). As part of that settlement, twenty plaintiffs, including the minor and members of the Suarez family, were each awarded $1,000. The remaining $30,000.00 was to be used to offset litigation expenses incurred by those plaintiffs which were to be applied in direct proportion to their percentage of the global settlement amount. The amount of litigation costs credited to the Suarez family totaled $2,235.72. Family members have agreed that this amount can be divided equally between the minor and his sister Diana Suarez Rodriguez. As a result, the minor will receive an additional settlement amount of $1,117.86, which the petitioner requests be placed in a court blocked bank account at Bank of America, 3800 Ming Avenue, Bakersfield, California 93309, telephone : 661-633-5380, until the minor reaches the age of majority. Metropolitan Life Insurance Company will also deposit the lump sum payment of $50,998.00 into this same blocked account once the annuity matures.

## **DISCUSSION**

This Court's Local Rule 17-202 addresses settlements for minors and provides in pertinent part:

> (b) Settlement. No claim by . . . a minor . . . may be settled or compromised absent court order by the assigned Judge or Magistrate Judge approving the settlement or compromise.
>
> . . .
>
> (2) Such application [for minor's compromise] shall disclose, among other things, the age and sex of the minor . . . , the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . .

---

[4] The total litigation costs in this action were $97,126.93. The $2,453.37 reflects 10% of the Saurez's family total costs of the litigation and includes costs incurred by Gregory Moreno, Esq., whose law firm covered the bulk of the litigation expenses for several of the plaintiffs, as well as costs incurred by the McNulty Law Firm. The McNulty Law Firm also represented the minor's mother, Edith Rodriguez; Eloy Suarez, the minor's adult brother; Diana Suarez Rodriguez, the minor's sister; and Francisco Suarez, the minor's paternal grandfather.

. . .

      (c) Disclosure of Attorney's Interest. When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed . . . and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

. . .

      (e) Payment of Judgment. Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that he is the duly qualified representative under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . .

The minor and the Petitioner is represented in this action by Peter McNulty of the McNulty Law Firm. The case was originally filed in the Kern County Superior Court. The Defendants subsequently removed the action to federal court. As part of the representation in this case, the minor's attorneys investigated the location of accident and traveled to Mexico to obtain discovery responses and to take numerous depositions of the minor's family members. Several depositions of witnesses were also taken. In addition, the firm represented the minor during law and motion related proceedings that included a motion to remand, a motion for summary judgment, a lengthy appeal, as well as the mediation that resulted in settlement.

Based upon a review of the submissions by counsel and by the minor's guardian ad litem, this Court finds the proposed settlement for Ezequiel Suarez Rodriguez as set forth in the petition to be fair, reasonable and proper. The Petition substantially includes the information required by this Court's Local Rule 17-202(b)(2) and (c) and addresses the details of the proposed compromise. In this case, the attorney's fees requested are 25% of the gross settlement amount. This is reasonable given the complexity of this litigation, as well as the amount of work done by Mr. McNulty and the McNulty Law Law Firm. Moreover, the litigation costs appear appropriate given the length of time this case has been pending.

## **CONCLUSION AND RECOMMENDATIONS**

For the reasons discussed above, this Court RECOMMENDS that the Petition for Approval of Minor's Compromise be GRANTED in accordance with the terms outlined below :

1.      Defendants National Railroad Passenger Corporation, Burlington Northern Santa Fe

Corporation, Walter Ward and W.M. Dike have settled all of Ezequiel Suarez Rodriguez's claims for $50,000.00;

2. The request for attorney's fees in the amount of $12,500.00 is GRANTED. These funds shall be deducted from the minor's gross settlement amount and paid to the McNulty Law Firm;

3. The minor shall be charged costs in the amount of $2,453.37 which shall be deducted from the gross settlement amount and paid to the McNulty Law firm;

4. After all of the above deductions, the minor, Ezequiel Suarez Rodriguez, shall receive a net settlement amount of $35,046.63;

5. The net settlement proceeds of $35,046.63 shall be used to purchase an annuity from Metropolitan Life Insurance Company which is has a A+ XV rating, on behalf of the minor, with a lump sum guaranteed payment of no less than $50,998 on September 16, 2017, when the minor turns twenty-one years of age;

6. The annuity payments shall be deposited into a court-blocked bank account in the minor's name at Bank of America, 3800 Ming Ave., Bakersfield, CA 93309, tel: 661.633.5380;

7. In addition, the McNulty Law Firm shall deposit $1,117.86 into the same court blocked account referenced above. This payment reflects the minor's portion of a litigation credit his family received as part of a prior settlement with Defendant Shafter-Wasco Ginning Co.;

8. The McNulty Law Firm shall also deposit an additional $1.00 into the minor's blocked account referenced above to ensure that said account remains open in the event the minor, prior to payment of the annuity lump sum, withdraws the available funds attributable to the minor's settlement;

9. The Petitioner and guardian ad litem, Jesus Suarez, is authorized and directed to execute any and all documents reasonably necessary to carry out the terms of the settlement;

10. The Petitioner and guardian ad litem, AND the McNulty Law Firm shall be responsible for ensuring that Metropolitan Life Insurance Company deposits the lump sum annuity payment into the Bank of America account referenced above when the annuity matures.

The McNulty Law firm shall also advise the minor, his mother, and the guardian ad litem, Jesus Suarez of all pertinent account information, as well as the bank's receipt of the annuity lump sum payment on September 16, 2017;

11. There shall be no access to any of the funds in the court blocked bank account or the annuity until the minor reaches the age of 18 absent a court order;

12. Petitioner shall have sixty (60) days to submit proof of funding of the annuity to the Court; and

13. Mr. McNulty shall serve a copy of this order on the minor's mother, Edith Rodriguez forthwith and file proof of service within three court days.

These findings and recommendations are submitted to United States District Judge Lawrence J. O'Neill, pursuant to 28 U.S.C. § 636(b)(1)(B). Within **eleven (11) days** after the date of this Finding and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Finding and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 17, 2009**         /s/ **Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE