# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCIO ADAME ARAUJO DE AGUILAR, as heir to BENIGNO ANDES AGUILAR and Wife to Deceased BENIGNO ANDES AGUILAR et al., | CASE NO. 1:02-cv-6527 LJO GSA |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RE: PETITION FOR APPROVAL OF MINOR'S COMPROMISE FOR **MARTIN ZENDEJAS** |
| vs. | |
| NORTHERN RAILROAD PASSENGER CORPORATION ("AMTRAK"), et. al., | (Doc. 250) |
| Defendants. | |

## INTRODUCTION

Plaintiff, Martin Zendejas, is a minor in this action ("minor").[1] Pending before the court is a Petition for Minor's Compromise ("Petition") which was filed on April 8, 2009, by Maria Torres-Romero ("Petitioner"), the minor's mother and guardian ad litem. (Docs. 250).[2] The petition is supplemented by declarations from David Lynn, Esq., the minor's attorney, and Maria Torres-Romero.

The Court held a hearing on the Petition for Minor's Compromise on April 14, 2009. Appearing on behalf of Petitioner and Martin Zendejas was David Lynn and Lloyd Chapman. Appearing

---

[1] The minor is twleve years of age. His date of birth is April 30, 1996.

[2] This court appointed Maria Torres-Romero, the minor's guardian on April 3, 2009. (Doc. 248).

1

on behalf of Defendants was B. Clyde Hutchinson. All parties appeared telephonically. For the reasons discussed below, this Court RECOMMENDS that the petition be GRANTED.

**BACKGROUND**

The minor's claim involves a train and a van accident that resulted in the wrongful death of Jesus Romero-Rubio, the minor's step-father. On December 12, 2001, at approximately 4:00 pm, an Amtrak train was traveling east on a single main track and struck a van driven by Mario Aguilar traveling from Polar Avenue to the Central Valley Highway in Shafter, California. Benigno Aguilar, Mario Munoz, Hector Sarabia, Juan Jimenez, Eloy Suarez, Jesus Romero-Rubio ("Plaintiffs"), and others were traveling in the van. As a result of the collision, all occupants in the van sustained serious physical injuries resulting in their deaths.

All of the Plaintiffs alleged that National Railroad Passenger Corporation ("Amtrak"); Walter Ward; W.M. Dike; and Burlington Northern Santa Fe Corporation ("Defendants") negligently and recklessly operated, controlled, and maintained the subject train and failed to follow statutory regulations and internal policies and procedures which resulted in Plaintiffs' deaths. On February 19, 2009, Defendants notified the court that the matter settled as to all parties. (Doc. 221). The total global settlement was 2.5 million dollars. (Doc. 253).

The minor's portion of the global settlement amount is $15,000.00. The Petitioner requests that $3,750.00 (25%) of the minor's gross settlement proceeds be paid for reasonable attorney's fees, and that costs of the litigation be deducted from the settlement amount. The amount of the minor's share of litigation costs is $631.77.[3] The litigation costs include costs in the amount of $582.77 incurred by the law firm of Moreno, Becerra, and Casillas, the lead firm in this litigation, as well as $49.00 in costs incurred by the Law Office of David Lynn.

After attorney's fees and costs with the applicable credits are deducted, the minor will receive a net settlement amount of $10,618.23. Petitioner requests that the court order the purchase of an annuity from Symetra Life Insurance Company, which has an AM Best A Class 10 rating. The annuity

---

[3] The total amount of costs of this litigation were $97,126.93, and was shared by each plaintiff on a pro rata basis based on their portion of the global settlement amount. Several of the other minors in this action received a credit for litigation expenses as a result of a previous settlement with Defendant Shafter-Wasco Ginning, Co. The minor was not part of that settlement had therefore no litigation credits were given.

2

will yield payments to the minor on his 18th through 21st birthdays. The total payout to the minor will be $13,483.97 as set forth below :

| | |
|---|---|
| April 30, 2014 (age 18) | $ 2,500.00 |
| April 30, 2015 (age 19) | $ 2,500.00 |
| April 30, 2016 (age 20) | $ 3,000.00 |
| April 30, 2017 (age 21) | <u>$ 5,483.97</u> |
| Total amount to be paid: | $13,483.97 |

The guardian ad litem will be responsible for keeping Symetra Life Insurance Company apprised of the minor's address and the payments will be mailed directly to the minor to the most recent address to ensure the minor gets the payments in full on the above referenced dates.

**DISCUSSION**

This Court's Local Rule 17-202 addresses settlements for minors and provides in pertinent part:

> (b) Settlement. No claim by . . . a minor . . . may be settled or compromised absent court order by the assigned Judge or Magistrate Judge approving the settlement or compromise.
>
> . . .
>
> (2) Such application [for minor's compromise] shall disclose, among other things, the age and sex of the minor . . . , the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . .
>
> . . .
>
> (c) Disclosure of Attorney's Interest. When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed . . . and whether the attorney has received or expects to receive any compensation, from whom, and the amount.
>
> . . .
>
> (e) Payment of Judgment. Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that he is the duly qualified representative under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . .

The minor and the Petitioner is represented in this action by David Lynn. The law firm of Moreno,

Becerra & Casillas was lead counsel for much of this litigation. However, Mr. Lynn spent a considerable amount of time with the minor and his family preparing for depositions, as well as communicating with them via letters and in person regarding the case. Moreover, Mr. Lynn coordinated litigation efforts with Mr. Moreno's firm and participated in the mediation resulting in a settlement.

Based upon a review of the submissions by counsel and by the minor's guardian ad litem, this Court finds the proposed settlement for Martin Zendejas as set forth in the petition to be fair, reasonable and proper. The Petition substantially includes the information required by this Court's Local Rule 17-202(b)(2) and (c) and addresses the details of the proposed compromise. In this case, the attorney's fees requested are 25% of the gross settlement amount. This is reasonable given the complexity of this litigation, as well as the amount of work done by Mr. Lynn and his firm. Moreover, the litigation costs appear appropriate given the length of time this case has been pending.

## **CONCLUSION AND RECOMMENDATIONS**

For the reasons discussed above, this Court RECOMMENDS that the Petition for Approval of Minor's Compromise be GRANTED in accordance with the terms outlined below :

1. Defendants National Railroad Passenger Corporation, Burlington Northern Santa Fe Corporation, Walter Ward and W.M. Dike have settled all of Martin Zendejas' claims for $15,000.00;

2. The request for attorney's fees in the amount of $3,7500.00 is GRANTED. These funds shall be deducted from the minor's gross settlement amount and paid to the Law Offices of David Lynn;

3. The minor shall be charged costs in the amount of $631.77 and shall be paid to the Law Offices of David Lynn;

4. After all deductions and applicable credits, the minor, Martin Zendjas, shall receive a net settlement amount of $10,618.23;

5. The net settlement proceeds shall be used to purchase a single premium annuity from Symetra Life Insurance Company, an AM Best rated A Class 10 carrier, on behalf of the minor with lump sum guaranteed payments of no less than the amounts listed below :

|   |   |
|---|---|
| April 30, 2014 (age 18) | $ 2,500.00 |
| April 30, 2015 (age 19) | $ 2,500.00 |
| April 30, 2016 (age 20) | $ 3,000.00 |
| April 30, 2017 (age 21) | <u>$ 5,483.97</u> |
| Total amount to be paid: | $13,483.97 |

6. The annuity payments shall be made on the dates outlined above and mailed by Symetra Life Insurance Company to Martin Zendejas at the minor's last known address;

7. The Petitioner and guardian ad litem, Maria Torres-Romero, is authorized and directed to execute any and all documents reasonably necessary to carry out the terms of the settlement;

8. The Petitioner and guardian ad litem, Maria Torres-Romero AND the Law Offices of David Lynn shall be responsible for maintaining a current address on behalf of the minor with the annuity company, Symeta Life Insurance Company, until such time as the above payment schedule is completed;

9. There shall be no access to any of the funds from this annuity until the minor reaches the age of 18 absent a court order; and

10. Petitioner shall have sixty (60) days to submit proof of funding of the annuity to the Court.

These findings and recommendations are submitted to United States District Judge Lawrence J. O'Neill, pursuant to 28 U.S.C. § 636(b)(1)(B). Within **eleven (11) days** after the date of this Finding and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Finding and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. [Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)](#).

IT IS SO ORDERED.

Dated: **April 17, 2009**      **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE